IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>OKWARA PROPERTIES, LLC<br><br>*Debtor.* | Case No. 07-32376<br><br>Chapter 11 |

### MOTION TO CONVERT CASE TO CHAPTER 7 OR APPOINT A CHAPTER 11 TRUSTEE

NOW COMES Bank of America, N.A. ("Bank of America") and moves the Court, pursuant to sections 105, 1104 and 1112 of the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code"), for an Order converting the above-referenced case from Chapter 11 to Chapter 7 of the Bankruptcy Code, or in the alternative, appointing a Chapter 11 trustee for debtor Okwara Properties, LLC (the "Motion"). In support of the Motion, Bank of America respectfully shows the Court the following:

**I.   JURISDICTION AND STATUTORY BASES**

1.   On December 4, 2007 (the "Petition Date"), Okwara Properties, LLC (the "Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Petition").

2.   This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). The statutory bases for this Motion are sections 105, 1104 and 1112 of the Bankruptcy Code.

Active\5320002.5

## II.    BACKGROUND

3.    The Debtor is a limited liability company with Dr. Benedict O. Okwara (husband) and Chiege Okwara (wife) each owning a fifty percent (50%) interest in the Debtor, as reflected in the Debtor's schedules.

4.    The Debtor is the owner of various parcels of real property improved and used for commercial purposes located in Mecklenburg, Stanly and Union Counties, North Carolina (the "Real Property").

5.    The Debtor leases the majority of the Real Property to an entity with common ownership, First Care Medical Clinic, Inc. ("First Care"). The only source of income for the Debtor is First Care's rent payments for the Real Property. Upon information and belief, Dr. Okwara is the sole owner of First Care.

6.    The Debtor also owns one parcel of unimproved real property in Anson County, North Carolina (the "Anson Real Property").

7.    The Debtor previously owned a parcel of real property located at 108 N. College Street, Monroe, North Carolina (the "Union Real Property"), but transferred it to Dr. Okwara on January 18, 2007. Upon information and belief, the Union Real Property was transferred to Dr. Okwara for less than reasonably equivalent value.

8.    Bank of America is a secured creditor of the Debtor holding first priority liens against substantially all of the Real Property and the Anson Real Property, as well as the Debtor's personal property assets, as security for certain pre-petition loans made by Bank of America (the "Loans"). On the Petition Date, the total amount owed by the Debtor to Bank of America under the Loans was $6,022,979.59. The Debtor's Loans are accruing interest at a rate of $1,605.74 per day.

9. On the Petition Date, the Debtor was in default under the Loans and Bank of America was in the process of foreclosing on some of the Real Property. Orders authorizing foreclosure sales of certain of the Real Property in Mecklenburg, Stanly and Union Counties had been entered by the relevant Clerks of Court. The Orders entered in Mecklenburg and Union Counties were then appealed by the Debtor. On September 11, 2007 and November 13, 2007, Superior Court judges in Mecklenburg County and Union County, respectively, entered orders authorizing the foreclosure sales to proceed. However, prior to the foreclosure sales proceeding, the Debtor commenced this bankruptcy case.

10. Without Bankruptcy Court approval, the Debtor modified its lease of the Real Property with First Care by reducing the monthly rent payments on two separate occasions, one of which was after the Petition Date. The original lease of the Real Property between the Debtor and First Care (the "Lease") was executed on January 1, 2005 and had a stated rent of $88,726.00 per month. The Lease was amended on April 1, 2007 to reduce the monthly rent payments to $68,000.00. On December 31, 2007, and effective January 1, 2008, nearly one month *after* the Debtor filed its bankruptcy petition, the Debtor agreed to again reduce the monthly rent due under the Lease to $58,000.00. Copies of the Lease and its amendments are attached hereto as **Exhibit A**.

11. As shown in the Debtor's monthly operating reports, the Debtor has been receiving monthly rental income from the Real Property Lease. However, since the Petition Date, the Debtor has remitted no payments to Bank of America despite the Assignment of Rents granting Bank of America a lien on such rents. Moreover, the Debtor has not sought the authority to use the rents, which would constitute Bank of

America's "cash collateral," as that term is defined under section 363 of the Bankruptcy Code or provided Bank of America adequate protection for its use of cash collateral.

12. The Debtor's exclusive period in which to file a Plan of Reorganization under 11 U.S.C. § 1121(b) has expired and the Debtor has not proposed a Plan of Reorganization.

13. Bank of America recently learned that on January 18, 2007, Dr. Okwara purchased the Union Real Property from the Debtor for less than fair market value. The General Warranty Deed recites that the consideration paid by Dr. Okwara for the Union Real Property was "les[s] than One Hundred Dollars ($100.00)." A copy of the deed transferring the Union Real Property is attached hereto as **Exhibit B**. The Union County real estate records estimate the value of the Union Real Property at $129,590.00. A copy of the Union County real estate tax records for the Union Real Property is attached as **Exhibit C**. The fair market value of the Union Real Property greatly exceeds the purchase price paid by Dr. Okwara to the Debtor, and accordingly, amounts to a fraudulent transfer within the meaning of Section 548 of the Bankruptcy Code.

14. Upon information and belief, the husband and wife owners of the Debtor, Dr. Okwara and Chiege Okwara, are currently engaged in a divorce proceeding in Mecklenburg County, civil case number 08-CVD-016, which has all but halted any progress by the Debtor in this bankruptcy proceeding.

### III. CONVERSION TO CHAPTER 7

15. Through this Motion, Bank of America requests that the Court convert this case from Chapter 11 to Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112.

16. Section 1112 of the Bankruptcy Code provides that, upon request of a party in interest and after notice and hearing, and absent unusual circumstances that establish that such conversion is not in the best interests of creditors, a court ***shall*** convert a case from Chapter 11 to Chapter 7, if "cause" is established. 11 U.S.C. § 1112(b)(1)(emphasis added).

A. *"Cause" Exists to Convert This Case from Chapter 11 to Chapter 7 Under the Bankruptcy Code.*

17. While "cause" is not specifically defined under the Bankruptcy Code, section 1112(b)(4) contains a non-exhaustive list of examples of "cause" for conversion, which includes, in relevant part:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> . . . . . . . .
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>
> (E) failure to comply with an order of the court;
>
> . . . . . . . .
>
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; [and]
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

11 U.S.C. § 1112(b)(4).

18. "Cause" for conversion is present in this case on multiple grounds. For one, "cause" exists under section 1112(b)(4)(A) given that the bankruptcy estate is continuing to diminish as unpaid, post-petition expenses, including amounts owed to

Bank of America, continue to accrue, with no reasonable likelihood of rehabilitation based upon the substantial amounts due to Bank of America. Given that the only income of the Debtor is derived from the rent from the Real Property Lease, the Debtor is unlikely to propose a confirmable plan to address the claims of Bank of America and other creditors since the Debtor has not adequately serviced the debt of Bank of America. The Debtor has made no payments to Bank of America since the Petition Date such that the amounts owed under the Loans are presently even more substantial than they were at the Petition Date. Additionally, the Debtor has reduced the Lease monthly payments for First Care over the Lease term, including a $10,000.00 per month reduction since the filing of this bankruptcy action.

19. Second, the likelihood of the Debtor proposing a confirmable plan is diminished, if not precluded, by the divorce proceeding currently pending between Dr. Okwara and Chiege Okwara, both of whom own an equal fifty-percent (50%) interest of the Debtor. Upon information and belief, Dr. Okwara and Chiege Okwara are in substantial disagreement as to all personal and business matters, and will not agree to a proposed Chapter 11 plan for the Debtor.

20. Moreover, Dr. Okwara's position as a fifty-percent (50%) owner of the Debtor (and "insider"), as well as the beneficiary of the fraudulent transfer of the Union Real Property from the Debtor creates a conflict of interest and further diminishes the likelihood that the Debtor will propose a confirmable plan of reorganization.

21. Further "cause" exists under section 1112(b)(4)(J) based upon the Debtor's failure to file its disclosure statement and Chapter 11 plan within the period of exclusivity under section 1121 of the Bankruptcy Code, which expired on April 2, 2008.

Because there is no reasonable prospect of a successful rehabilitation in this case, it is not surprising that the Debtor has not filed its Chapter 11 plan and disclosure statement.

22. Additionally, the Debtor's failure to timely file its disclosure statement and plan within 120 days from the Petition Date is in contravention to this Court's Chapter 11 Operating Order [Docket No. 6]. The Debtor's failure to comply with this Order constitutes further grounds for conversion. 11 U.S.C. § 1112(b)(4)(E).

23. Accordingly, "cause" exists for conversion of this bankruptcy case to Chapter 7.

B. *Conversion of the Case to Chapter 7 is in the Best Interest of Creditors.*

24. A finding of "cause" for conversion under section 1112 mandates conversion, unless there are "unusual circumstances" that establish that conversion is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1). In this case, there are no "unusual circumstances" that establish that conversion is not in the best interest of creditors. In fact, conversion of the case would be in the best interest of creditors and the estate.

25. In this case, Bank of America is the primary creditor. In fact, other than RBC Centura, and certain county taxing authorities listed with unknown amounts, the Debtor's Schedules reflect that Bank of America is the only non-insider creditor of the Debtor.

26. As the primary creditor, Bank of America believes that a conversion of the case to Chapter 7 is in the best interest of the creditors in this case. The best prospect for repayment of the Loans owed to Bank of America and the payment of the claims of the other creditors is through the liquidation of the Real Property and the Anson Real

Property by a Chapter 7 trustee. However, the Debtor has not engaged in any good faith efforts to liquidate the Real Property and the Anson Real Property.

27. Bank of America attempted to sell some of the Real Property through foreclosure sales prior to the bankruptcy filing. However, the Debtor has delayed and frustrated such foreclosure sales through appeals of foreclosure orders and litigation seeking to stop such sales. Bank of America believes that the Debtor would continue to delay any sale outside of bankruptcy. Accordingly, Bank of America believes it is in the best interest of creditors and the estate that a Chapter 7 trustee be appointed to liquidate the Real Property and the Anson Real Property under the supervision of this Court.

### IV. APPOINTMENT OF CHAPTER 11 TRUSTEE

28. In the alternative, Bank of America requests that the Court appoint a Chapter 11 trustee to manage the affairs of the Debtor pursuant to 11 U.S.C. § 1104.

29. Section 1104 of the Bankruptcy Code provides for the appointment of a trustee in a Chapter 11 case. It states in relevant part:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court *shall order* the appointment of a trustee-
>
> > (1) for cause including *fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor* by current management, either *before or after* the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
> >
> > (2) if such appointment *is in the interests of creditors*, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

     (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104 (emphasis added).

  30. The appointment of a Chapter 11 trustee is proper under Section 1104 because:

  (a) the Debtor has engaged in fraud, dishonesty, incompetence and/or gross mismanagement, as evidenced by the sale of the Union Real Property to Dr. Okwara, a fifty-percent (50%) owner of the Debtor, for less than equivalent value;

  (b) the appointment of a Chapter 11 trustee is in the interest of the creditors, because absent the appointment of a trustee, the Debtor will not propose a plan of reorganization and will continue to operate under the status quo, including failing to make interest payments to its largest creditor, Bank of America; and

  (c) there are sufficient grounds to convert this case under Section 1112, but the appointment of a trustee would be an acceptable alternative.

  WHEREFORE, for reasons stated herein, Bank of America respectfully requests that the Court enter an order allowing the following relief:

  1. Granting the Motion;

  2. Converting the above-referenced case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. § 1112, or alternatively, appointing a trustee to manage the affairs and liquidate the assets of the debtor pursuant to 11 U.S.C. § 1104; and

  3. Granting such and further relief as is just and proper.

Dated this the 13th day of May, 2008.

                Respectfully submitted,

                McGUIREWOODS LLP

                */s/ J. Trevor Johnston*
                Scott P. Vaughn
                N.C. State Bar No. 13741
                Robert A. Cox, Jr.
                N.C. State Bar No. 21998
                J. Trevor Johnston
                N.C. State Bar No. 31620
                201 North Tryon Street, Suite 2600 (28202)
                PO Box 31247
                Charlotte, North Carolina 28231
                Telephone: (704) 373-2246
                Facsimile: (704) 444-8730
                tjohnston@mcguirewoods.com

                Attorneys for Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO CONVERT CASE TO CHAPTER 7 OR APPOINT A CHAPTER 11 TRUSTEE** has been served electronically or by mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

James H. Henderson
James H. Henderson, P.C.
1201 Harding Place
Charlotte, NC 28204-2248
Email: henderson@title11.com

Christopher M. Vann
Vann Law Firm PA
9940 Monroe Road, Suite 201
Matthews, NC 28105
Email: chrisvannatty@alltel.net

U. Wilfred Nwauwa
Law Offices of U. Wilfred Nwauwa
3325 Washburn Avenue
Post Office Box 34691
Charlotte, NC 28234-4691
Email: ugonwa1@aol.com

James S. Livermon, III
Poyner & Spruill LLP
Post Office Box 353
Rocky Mount, NC 27802-0353
Email: jlivermon@poynerspruill.com

U.S. Trustee
U.S. Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669

Chiege O. Kalu Okwara
Ballantyne One
15720 John J. Delaney Drive, Suite #300
Charlotte, NC 28277
Email: chiege@aol.com

This the 13th day of May, 2008.

/s/ J. Trevor Johnston
J. Trevor Johnston