FILED & JUDGMENT ENTERED
David E. Weich

Jul 17 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:

OKWARA PROPERTIES, LLC

*Debtor.*

Case No. 07-32376

Chapter 11

### ORDER GRANTING MOTION TO CONVERT CASE TO CHAPTER 7

This matter came before the Court for consideration on the Motion to Convert Case to Chapter 7 or Appoint a Chapter 11 Trustee (the "Motion"), filed with the Court on February 22, 2008 by Bank of America, N.A. ("Bank of America"). [Doc. No. 50]  The Court finds that the Motion was properly filed and served pursuant to Federal and Local Rules of Bankruptcy Procedure.  The Court further finds that a Notice of Opportunity for Hearing was served on all parties entitled to notice of the Motion.

The Motion was originally noticed for hearing and scheduled to be heard by the Court on June 11, 2008 (the "First Hearing").  On June 4, 2008, prior to the First Hearing, Dr. Benedict O. Okwara ("Dr. Okwara"), one of the members of the Debtor, filed an Emergency Motion for Order Granting Sole Authority to Benedict O. Okwara to Act on Behalf of the Debtor; Request to Continue Hearing on Motion to Convert Proceeding to Chapter 7 ("Dr. Okwara's Motion"), in

\6370708.2

which Dr. Okwara sought sole authority to act on behalf of the Debtor and requested a continuance of the hearing of the Motion for two weeks. [Doc. No. 58] Chiege O. Kalu Okwara ("Ms. Okwara"), a member of the Debtor, filed a Response and Objection to Dr. Okwara's Motion, which included allegations that Dr. Okwara's actions on behalf of the Debtor constituted mismanagement. [Doc. No. 61-64] On June 9, 2008, Bank of America also filed an Objection to Dr. Okwara's Motion. [Doc. No. 65] At the First Hearing on June 11, 2008, Ms. Okwara withdrew her Response and Objection to Dr. Okwara's Motion and agreed to allow Dr. Okwara sole authority to act on behalf of the Debtor subject to certain conditions. By Order entered on June 18, 2008, this Court granted Dr. Okwara's Motion allowing Dr. Okwara sole authority to act on behalf of the Debtor and continuing the hearing of the Motion until June 25, 2008. [Doc. No. 66]

Following the First Hearing, no one filed a response or objection to the Motion. On June 25, 2008, the Court heard oral argument on the Motion from counsel for Bank of America and the Debtor and sworn testimony from Dr. Okwara (the "Second Hearing"). For the reasons stated herein, the Motion is GRANTED.

The Debtor filed its Chapter 11 petition on December 4, 2007 (the "Petition Date"). The Debtor is a limited liability company owned in equal fifty percent (50%) shares by Dr. Okwara (husband) and Ms. Okwara (wife). The Debtor owns various parcels of real property improved and used for commercial purposes. The Debtor leases certain of its real property (the "Leased Property") to First Care Medical Clinic, Inc. ("First Care"), a corporation owned solely by Dr. Okwara. The Debtor's sole source of income is rental income from the Leased Property. Bank of America is a secured creditor of the Debtor, with first-priority liens against substantially all of the real property owned by the Debtor, including the Leased Property, as collateral for certain pre-petition loans made by Bank of America (the "Loans").

The Debtor's action, and lack thereof, following the filing of this case constitute "cause" within the meaning of 11 U.S.C. § 1112 to convert this case to Chapter 7. Contrary to this Court's Chapter 11 Operating Order, the Debtor used cash collateral without the permission of the Court or Bank of America. The Debtor failed to file a plan and disclosure statement within the 120-day period following the Petition Date, as required by the Court's Chapter 11 Operating Order. Rather, the Debtor filed its plan of reorganization and disclosure statement 203 days after the Petition Date and just one day prior to the Court's Second Hearing on the Motion. Dr. Okwara admitted to transferring a parcel of rental property from the Debtor to himself within one year prior to the bankruptcy filing for less than $100.00, well below the tax value of the real property. After the Petition Date, Dr. Okwara amended the lease between the Debtor and First Care to reduce the monthly rental payment due from First Care to the Debtor. At the hearing on June 25, 2008, Dr. Okwara testified that he amended the lease to reduce the monthly lease payments from First Care to Okwara Properties to allow him to better afford the mortgage payment on his personal residence. Despite the amendment of the lease to reduce the monthly rental amount to be paid by First Care to the Debtor, at the direction of its counsel, the Debtor continued to pay the pre-petition rent amount.

The Debtor's failure to take certain action required by the Bankruptcy Code and the Court, and the Debtor's actions contrary to the Bankruptcy Code and this Court's order are confirmed by the Response and Objection filed by Ms. Okwara in response to Dr. Okwara's Motion. [Doc. No. 61-64] The allegations in Ms. Okwara's Response and Objection, which she asked the Court to accept as an affidavit, question the reliability and trustworthiness of the records provided by the Debtor to Debtor's bankruptcy counsel, suggest that Dr. Okwara was engaged in self-dealing while managing the Debtor and support the conclusion that the Debtor has been acting contrary to the Bankruptcy Code and Court order without any accountability for

his actions on behalf of the Debtor. It is the finding of this Court that Dr. Okwara has been operating the Debtor for his own individual benefit, not for the benefit of the Debtor's creditors.

The Court further finds that the Debtor has not taken the appropriate action to successfully reorganize its business. The Debtor failed to make any progress with regard to reorganization until Bank of America filed the Motion. Even then, the Debtor only filed a plan and disclosure statement one day before the Second Hearing on the Motion. The Court finds that the reorganization process has been and would be further frustrated by the lack of cooperation of Dr. Okwara with the Debtor's bankruptcy counsel and Dr. Okwara's and Ms. Okwara's domestic action pending in Mecklenburg County Superior Court. Despite the fact that Dr. Okwara has sole authority to act on behalf of the Debtor with regard to this bankruptcy, the reorganization of the Debtor cannot be successful given the 50-50 ownership split between Dr. Okwara and Ms. Okwara and the marital differences between them. For the reasons discussed herein, there is sufficient "cause" within the meaning of 11 U.S.C. § 1112 to warrant conversion of this case to Chapter 7.

In the Motion, Bank of America suggested an alternative remedy of appointing a Chapter 11 trustee for the Debtor. The Court considered this remedy; however, given the Debtor's and Dr. Okwara's conduct and inaction in the case to date, a Chapter 11 trustee would be similarly frustrated by Dr. Okwara's and the Debtor's actions and inaction.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Convert Case to Chapter 7 or Appoint a Chapter 11 Trustee is GRANTED, this case is converted to a case under Chapter 7, and that the Bankruptcy Administrator for the Western District of North Carolina appoint a Trustee to liquidate the assets of the Debtor.

This Order has been signed electronically.    United States Bankruptcy Court
The judge's signature and the court's seal
Appear at the top of the Order.

\6370708.2                                           4